## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

GERALDINE WISE,                    )
                                   )
              Plaintiff,           )
                                   )
                                   )  Case No. CIV-18-103-RAW-KEW
                                   )
COMMISSIONER OF SOCIAL             )
SECURITY ADMINISTRATION,           )
                                   )
              Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Geraldine Wise (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means

---

[1]    Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 51 years old at the time of the ALJ's decision. She has a high school education and has worked in the past as a surveillance system monitor. Claimant alleges an inability to work beginning November 15, 2015,[2] due to limitations resulting from degenerative disc disease of the lumbar spine, diabetes mellitus, obesity, positional vertigo, and depression.

### Procedural History

On January 2, 2013, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42

---

[2]    Claimant initially alleged an onset of disability date of September 29, 2011. At her hearing, she amended the onset date to November 15, 2015. (Tr.16, 38-39).

U.S.C. § 401, *et seq.*) of the Social Security Act and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 22, 2014, Administrative Law Judge("ALJ") Kenton Fulton conducted an administrative hearing in Oklahoma City, Oklahoma. On December 22, 2014, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on October 28, 2015, the Appeals Council remanded the case to the ALJ.

On remand, ALJ Fulton conducted an administrative hearing in Oklahoma City, Oklahoma, on September 23, 2016. He issued an unfavorable decision on March 1, 2017. On February 3, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error by failing to re-contact the consulting examiner ("CE"), S.A. Chaudry, M.D., regarding an alleged internal conflict in his functional

4

assessment of Claimant.  Because of the ALJ's failure to resolve the conflict, Claimant contends the ALJ erred by relying upon Dr. Chaudry's opinions when formulating Claimant's RFC.

### Consideration of Dr. Chaudry's Opinion

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease of the lumbar spine, diabetes mellitus, obesity, and positional vertigo. (Tr. 18).  He determined Claimant could perform sedentary work with additional limitations.  In so doing, he found Claimant could lift or carry 10 pounds occasionally, sit for one hour at a time and five hours maximum in a regular day, and stand for thirty minutes at a time for two hours maximum in a regular day.  The ALJ restricted Claimant's walking to thirty minutes at a time with a cane and fifteen minutes without a cane for a total of one hour at a time in a regular day.  She could occasionally handle, finger, and feel with her dominant right hand and could frequently use foot controls.  Claimant could frequently balance and kneel, occasionally stoop, crouch, crawl, and climb stairs and ramps, but she could not climb ladders, ropes, or scaffolds.  She could have no more than frequent exposure to the operation of motor vehicles, occasional exposure to moving mechanical parts, and needed to avoid exposure to unprotected heights.  (Tr. 20).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant retained the RFC to perform her past relevant

work as a surveillance system monitor. (Tr. 24, 59-60). As a result, the ALJ concluded Claimant was not under a disability from September 29, 2011, through the date of the decision. (Tr. 24).

The ALJ specifically discussed Dr. Chaudry's examination of Claimant. In his discussion of the evidence, the ALJ noted that at the consulting examination "the claimant was observed walking slowly and using a cane." (Tr. 21, 801). He also noted that Claimant indicated to Dr. Chaudry that she had used a cane intermittently since 2011. Claimant told Dr. Chaudry she could "sit for one hour at a time, stand for thirty minutes at a time, and walk unassisted for fifteen minutes at a time and assisted with a cane for thirty minutes at a time." (Tr. 22, 801). Dr. Chaudry found Claimant had full motor strength, handgrip, fine and gross manipulative movements and full sensation. (Tr. 22, 803).

The ALJ discussed in detail the functional limitations with which Dr. Chaudry assessed Claimant. Dr. Chaudry examined Claimant on December 14, 2015. He determined Claimant could occasionally lift and/or carry ten pounds; sit for one hour at a time and five hours maximum in a regular workday; and stand thirty minutes at a time for two hours maximum in a regular day. Claimant's walking was restricted to thirty minutes at a time with a cane and fifteen minutes without a cane for a total of one hour at a time in a regular day. Claimant could frequently handle and finger bilaterally and frequently use foot controls. Claimant could

6

engage in frequent balancing and kneeling, occasional stooping, crouching, crawling and climbing of stairs and ramps, but she could engage in no climbing of ladders, ropes or scaffolds. Her environmental limitations included that "she must avoid all exposure to unprotected heights, more than occasional exposure to moving mechanical parts, [and] more than frequently operating a motor vehicle and all very loud noise." (Tr. 23, 804-808).[3]

The ALJ afforded "great weight" to Dr. Chaudry's findings and limitations for Claimant, but he noted that his opinion "has been further modified in the determination of [c]laimant's residual functional capacity in order to be fully consistent with the treating medical records and overall record in its entirety." (Tr. 23).

Claimant argues the ALJ should have re-contacted Dr. Chaudry as it is unclear from his functional assessment how many hours Claimant could sit in an eight-hour workday. (Tr. 805). Claimant contends that it is impossible to tell from Dr. Chaudry's opinion whether he determined Claimant could sit for four or five hours. Claimant is correct that the pertinent regulations provide that an

---

[3]     When summarizing Dr. Chaudry's functional capacity assessment of Claimant in his decision, in addition to making the determinations set forth above, the ALJ also stated that Dr. Chaudry found Claimant could stand and/or walk for a total of six hours in an eight-hour workday and sit for a total of six hours in an eight-hour workday. (Tr. 23). However, paragraph 5, wherein the ALJ states the RFC (Tr. 20), and the hypothetical posed to the VE and ultimately adopted by the ALJ (Tr. 59-60), correctly reflect the functional limitations by Dr. Chaudry that were included by the ALJ in the RFC.

ALJ "will seek additional evidence or clarification from [a claimant's] medical source when the report from [a claimant's] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).

However, the ALJ had no duty to re-contact Dr. Chaudry about his functional assessment of Claimant. The ALJ clearly interpreted Dr. Chaudry's assessment as finding Claimant could sit for a total of five hours, stand for a total of two hours, and walk for a total of one hour in an eight-hour workday for an overall total of eight hours of work. The ALJ's interpretation is completely consistent with and reinforced by Dr. Chaudry's lack of a response to the follow-up question. Dr. Chaudry did not answer the follow-up question, which stated, "If the total time for sitting, standing and walking does not equal or exceed 8 hours, what activity is the individual performing for the rest of the 8 hours?" (Tr. 805). There was no reason for Dr. Chaudry to answer the question because he determined Claimant could perform sitting, standing, and walking for a total time equal to eight hours in a workday. Thus, there was no duty for the ALJ to re-contact Dr. Chaudry, because there was no internal conflict in his functional assessment.

Moreover, at the hearing on September 23, 2016, Claimant was represented by counsel. When a claimant is represented by counsel, "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored. Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). At the hearing, the ALJ asked Claimant's counsel if the record was complete, and counsel agreed it was. (Tr. 35). The ALJ also noted the exhibits in the record, including Dr. Chaudry's report and assessment, and asked Claimant's counsel if he had any objections to the exhibits. Claimant's counsel indicated he did not, and the ALJ admitted the exhibits and made them part of the record for consideration. (Tr. 36).

The Court finds no error in the ALJ's reliance upon Dr. Chaudry's opinions for the RFC assessment. The ALJ's RFC determination is supported by substantial evidence. *See Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) (affirming denial of benefits when ALJ's decision was supported by substantial evidence and the correct legal standards were applied). Those limitations found to exist by the ALJ were included in his hypothetical question to the VE. (Tr. 59-60); *see Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding an ALJ's hypothetical

9

questioning of the VE provided an appropriate basis for a denial of benefits because the question "included all the limitations the ALJ ultimately included in his RFC assessment."), citing *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993).  Based on the VE's testimony, the ALJ determined Claimant was not disabled could return to her past relevant work as a surveillance system monitor. (Tr. 24, 59-60).

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 27th day of August, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE